IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES E. BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: 2:13cv621-WC |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM OPINION

## I.  INTRODUCTION

Plaintiff, James E. Brown, applied for supplemental security income benefits. His application was denied at the initial administrative level. Plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ issued a decision finding Plaintiff not disabled at any time through the date of the decision. Plaintiff appealed that decision to the Appeals Council, which rejected Plaintiff's request for review. The ALJ's decision consequently became the final decision of the Commissioner of Social Security ("Commissioner").[1] *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The case is now before the court for review under 42 U.S.C. § 405(g). Pursuant to 28 U.S.C. § 636(c), both parties have consented to

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

the conduct of all proceedings and entry of a final judgment by the undersigned United States Magistrate Judge. Pl.'s Consent to Jurisdiction (Doc. 10); Def.'s Consent to Jurisdiction (Doc. 9). Based on the court's review of the record and the briefs of the parties, the court REVERSES the decision of the Commissioner.

## II.     STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920 (2011).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1 [the Listing of Impairments]?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step 4.  *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004).  A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step 1 through Step 4.  At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform.  *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity (RFC).  *Id*. at 1238-39.  The RFC is what the claimant is still able to do despite the claimant's impairments and is based on all relevant medical and other evidence.  *Id*.  It can contain both exertional and nonexertional limitations.  *Id*. at 1242-43.  At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform.  *Id*. at 1239.  To do this, the ALJ can either use the Medical Vocational Guidelines[4] (grids) or call a vocational expert (VE).  *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience.  Each factor can independently limit the number of jobs realistically available

---

[3] *McDaniel* is a supplemental security income case (SSI).  The same sequence applies to disability insurance benefits.  Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See, e.g.*, *Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981).

[4] *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

to an individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id*.

The court's review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence."). A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings. . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

## III.     ADMINISTRATIVE PROCEEDINGS

Plaintiff was forty-six years old at the time of the decision and completed high school through a special education program. Tr. 29. Following the administrative hearing and employing the five-step process, the ALJ found Plaintiff "has not engaged in substantial gainful activity since November 2, 2009, the application date" (Step 1). Tr. 20. At Step 2, the ALJ found that Plaintiff suffers from severe impairments of "mild mental retardation," and "non[]severe impairments of history of asthma . . . , history of cocaine induced cardiac events with no residual limitations, hypertension, mild expressive language disorder, history of polysubstance abuse, and uncomplicated right inguinal hernia with no more than mild limitations." *Id.* The ALJ then found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments" (Step 3). Tr. 22. Next, the ALJ found that Plaintiff has the RFC "to perform a full range of work at all exertional levels but with the following considerations and limitations: unskilled work with no more than two or three step processes, no work at unprotected heights, and no work with hazardous machinery." Tr. 24. After consulting the VE, the ALJ concluded that Plaintiff "has no past relevant work" (Step 4). Tr. 29. At Step 5, the ALJ found that, "[c]onsidering the claimant's age, education, work experience, and residual functional capacity," and after consulting with the VE, "there are jobs that exist in significant numbers in the national economy that the claimant can perform." *Id.* The ALJ identified

the following occupations as examples: "grocery bagger," "dining room attendant," and "laundry worker." Id. Accordingly, the ALJ determined that Plaintiff "has not been under a disability, as defined in the Social Security Act, since November 2, 2009." Tr. 30.

## IV. PLAINTIFF'S CLAIMS

Plaintiff presents three issues for this court's consideration in review of the ALJ's decision: (1) whether "[t]he Commissioner's decision should be reversed because the ALJ failed to apply the correct legal standards in evaluating [Plaintiff]'s mild mental retardation"; (2) whether "[t]he Commissioner's decision should be reversed because the ALJ erred in finding that [Plaintiff] failed to suffer from a medically severe physical impairment or combination thereof"; and (3) whether "[t]he Commissioner's decision should be reversed because the ALJ made internally inconsistent administrative findings with respect to the medical opinions expressed by Dr. Adediji." Pl.'s Br. (Doc. 12) at 3. Because the court determines the second issue requires remand for further proceedings, the court declines to address issues one and three at this time.

## V. DISCUSSION

Plaintiff argues that "the ALJ erred in finding that [Plaintiff] failed to suffer from a medically severe physical impairment or combination thereof." Pl.'s Br. (Doc. 12) at 6. Specifically, Plaintiff argues that "the only medical doctor of record to express [a] medical opinion[] regarding the work-place limitations imposed by [Plaintiff]'s physical

limitations" opined that Plaintiff's "asthma, hypertension, and uncomplicated right inguinal hernia produce work-place limitations of function that rise above minimal effects." *Id.* at 8. In response, Defendant argues that "the ALJ reasonably considered Plaintiff's other alleged impairments and provided a detailed explanation for why he deemed them not to be of a 'severe' nature under the Act." Def.'s Br. (Doc. 15) at 9.

A claimant has the "burden of showing her impairment is 'severe' within the meaning of the Act." *McDaniel v. Bowen*, 800 F.2d 1026,1030-31 (11th Cir. 1986) ("Unless a claimant can prove, as early as step two, that she is suffering from a severe impairment, she will be denied disability benefits").

> Step two is a threshold inquiry. It allows only claims based on the most trivial impairments to be rejected. The claimant's burden at step two is mild. An impairment is not severe only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience. Claimant need show only that her impairment is not so slight and its effect is not so minimal.

*Id.*

Regarding Plaintiff's alleged asthma, the ALJ found asthma to be a non-severe impairment because there were no current findings to support Plaintiff's allegation. Tr. 20. Specifically, the ALJ pointed to (1) a lack of any records showing emergency room visits or hospitalizations for asthma; (2) multiple evaluations by physicians who found Plaintiff's lungs and breathing to be normal; (3) Plaintiff's continued tobacco use; and (4) Plaintiff's "fail[ure] to give adequate effort on pulmonary function testing." *Id.* The

court finds this to be sufficient to show that Plaintiff's alleged asthma was so slight and its effect so minimal that it would clearly not be expected to interfere with Plaintiff's ability to work. The ALJ's determination that Plaintiff's alleged asthma was a non-severe impairment is supported by substantial evidence, and thus no error occurred.

Regarding Plaintiff's alleged hernia, the ALJ found it to be a non-severe impairment because of the inconsistencies in Plaintiff's complaints and the medical evidence and because the hernia caused Plaintiff "no more than mild limitations." Tr. 22. Specifically, the ALJ relied on (1) Plaintiff's inconsistent statements regarding his ability to lift; (2) the fact that, of all the physicians to which Plaintiff reported, Plaintiff only informed Dr. Adediji of the alleged hernia; and (3) Dr. Adediji's finding that Plaintiff is capable of performing at a medium exertional level, even in consideration of Plaintiff's subjective complaints of the hernia. *Id.* The court finds this to be sufficient to show that Plaintiff's alleged hernia was so slight and its effect so minimal that it would clearly not be expected to interfere with Plaintiff's ability to work. Thus, the ALJ's determination that Plaintiff's alleged hernia was a non-severe impairment is supported by substantial evidence, and no error occurred.

However, as to Plaintiff's hypertension, the ALJ stated that Plaintiff's records show a diagnosis of hypertension as far back as September 2009. Tr. 21. Additionally, the ALJ noted that Plaintiff "is found to have hypertension for many years" and sought treatment for that condition at times. *Id.* The ALJ then asserts that Plaintiff's

hypertension is not a severe impairment because "[Plaintiff] is noncompliant with treatment, medication, and cessation of tobacco use; however, but [sic] he has not suffered any end organ damage as a result of his hypertension." *Id.*

There are two main problems with the ALJ's finding that Plaintiff's hypertension is not a severe impairment. First, the ALJ's assertion that Plaintiff did not suffer from hypertension as a severe impairment because he "has not suffered any end organ damage as a result of his hypertension" is incorrect as a matter of law. "A Claimant need show only that her impairment is not so slight and its effect is not so minimal." *McDaniel*, 800 F.2d at 1030. There is no requirement that a medical condition cause organ damage in order to constitute a severe impairment. Thus, the ALJ's reliance on a lack of organ damage was error.

Second, while the ALJ appears to have relied heavily on Plaintiff's noncompliance with treatment and medication for hypertension, the ALJ never made any finding that Plaintiff's hypertension would have improved with the prescribed treatment and medication. "In order to deny benefits on the ground of failure to follow prescribed treatment, the ALJ must find that had the claimant followed the prescribed treatment, the claimant's ability to work would have been restored." *Dawkins v. Bowen*, 848 F.2d 1211, 1213 (11th Cir. 1988). Here, the ALJ gives no indication as to whether Plaintiff's hypertension can be reasonably remedied through treatment and medication, and the court will not speculate.

9

Further, even if compliance with treatment and medication would have reasonably remedied Plaintiff's hypertension, the ALJ's analysis cannot end there.  While failure to seek treatment is a legitimate basis to discredit the testimony of a Plaintiff, it is the law in this Circuit that poverty excuses non-compliance with prescribed medical treatment or the failure to seek treatment. *Dawkins v. Bowen*, 848 F.2d 1211 (11th Cir.1988).  The ALJ was required to consider the reasons for Plaintiff's noncompliance; however, here the ALJ does not appear to have given any consideration to whether Plaintiff's noncompliance was a result of his inability to pay.

Because the ALJ's finding concerning the lack of "end organ damage as a result of his hypertension" is incorrect as a matter of law and in light of medical records indicating that Plaintiff was diagnosed with, and received at least some medical treatment for, his hypertension, the court cannot conclude that the ALJ's determination that his hypertension is a non-severe impairment is supported by substantial evidence.  On remand, the ALJ should reevaluate Plaintiff's severe and non-severe impairments, including consideration of whether Plaintiff's compliance with treatment would have reasonably remedied Plaintiff's hypertension and whether Plaintiff's noncompliance with medication for hypertension was an excusable result of Plaintiff's inability to afford medication.  Additionally, in consideration of all of Plaintiff's severe impairments, the ALJ should reevaluate whether Plaintiff meets paragraph C of the listing 12.05.

## V. CONCLUSION

For the reasons stated above, the decision of the Commissioner is REVERSED and this case is REMANDED to the Commissioner for the ALJ to reevaluate Plaintiff's severe and non-severe impairments, including consideration of whether Plaintiff's noncompliance with medication for hypertension was an excusable result of Plaintiff's inability to afford medication. Additionally, in consideration of all of Plaintiff's severe impairments, the ALJ should reevaluate whether Plaintiff meets paragraph C of the listing 12.05. A separate judgment will issue.

Done this 23rd day of September, 2014.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE